UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRAYVEON LIVINGSTON,                        )        CV 06-4033 SVW (FMO)
                                            )
                    Petitioner,             )        ORDER ADOPTING FINDINGS,
                                            )        CONCLUSIONS AND
            v.                              )        RECOMMENDATIONS OF UNITED
                                            )        STATES MAGISTRATE JUDGE
LARRY SMALL, Warden,                        )
                                            )
                    Respondent.             )
_____         )

**I.    INTRODUCTION**

        The Magistrate's Report and Recommendation details why
Petitioner's claims do not satisfy the requirements of the
Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.
Having thoroughly reviewed the record de novo, the Court agrees with
the Magistrate's conclusions and adopts with the Magistrate's Report.
The Court writes separately, however, to address certain of
Petitioner's objections to the Report and Recommendation.

## II.   CONFRONTATION CLAUSE

Petitioner asserts that his Sixth Amendment confrontation rights were violated by the prosecution's failure to present the testimony of witness Charlie Romo at Petitioner's second trial.  (Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 2-4.)  The Magistrate Judge recommended that Petitioner's contention fails under Barber v. Page, 390 U.S. 719, 725 (1968).

Petitioner is correct that Ohio v. Roberts, 448 U.S. 56, 74-77 (1980), *abrogated on other grounds*, Crawford v. Washington, 541 U.S. 36 (2004), remains good law as it pertains to the burden imposed on the prosecution to establish that a witness is "unavailable" for purposes of the Sixth Amendment.  (See Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 2-4.)  Drawing largely on its prior decision in Barber v. Page, 390 U.S. 719, 724-25 (1968), the Roberts Court stated:

> The basic litmus of Sixth Amendment unavailability is established: "[A] witness is not 'unavailable' for purposes of the . . . exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." Barber v. Page, 390 U.S., at 724-725, 88 S.Ct., at 1322 (emphasis added). Accord, Mancusi v. Stubbs, *supra*; California v. Green, 399 U.S., at 161-162, 165, 167, n. 16, 90 S.Ct., at 1936-1937, 1938-1939, n. 16; Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969).
>
> Although it might be said that the Court's prior cases provide no further refinement of this statement of the rule,

certain general propositions safely emerge.  The law does not require the doing of a futile act.  Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), "good faith" demands nothing of the prosecution.  But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation.  "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness." California v. Green, 399 U.S., at 189, n. 22, 90 S.Ct., at 1951 (concurring opinion, citing Barber v. Page, *supra* ).  The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness.  As with other evidentiary proponents, the prosecution bears the burden of establishing this predicate.

Roberts, 448 U.S. at 74-75.  In applying this good faith/reasonableness standard to the facts before it, the Roberts Court held that the prosecution had satisfied its burden by issuing a subpoena for the witness at her parents' house and visiting her parents house on five occasions over several months in an attempt to locate the witness.  Id. at 75.

Petitioner asserts that, by juxtaposing the Roberts holding with the facts in Petitioner's case, it should be objectively clear that the prosecution's one-week-long effort to procure Romo did not satisfy the Sixth Amendment's good faith standard.

In the Report and Recommendation, the Magistrate Judge correctly cited and applied Barber v. Page, 390 U.S. at 723, as controlling

Supreme Court precedent.  (See Report and Recommendation, at 38-39.)
The Magistrate Judge's failure to cite Roberts is insignificant, as
Barber v. Page and Ohio v. Roberts establish the same basic legal
standard: the prosecution must make a "good faith effort" to procure a
witness for trial.  To the extent that Ohio v. Roberts altered Barber
v. Page, it was a narrow clarification that "good faith" is ultimately
a question of reasonableness.  Roberts, 448 U.S. at 74 (citing
California v. Green, 399 U.S. at 189 n.22).  Though the factual holding
in Roberts provided a new example of reasonable good faith efforts,
Roberts merely reaffirmed that this inquiry is fact-intensive and
cannot easily be analogized from case to case.

In addressing Petitioner's direct appeal, the California Court of
Appeal applied Barber's "good faith" standard and engaged in a
"reasonableness" analysis under a well-developed body of state caselaw.
(Report and Recommendation, at 33-36 (quoting Court of Appeal November
25, 2003 unpublished opinion, at 12-17)).  The court concluded that the
prosecution's one-week effort to procure Romo was reasonable given that
the prosecution was concerned about Romo's reluctance to testify.  The
prosecution waited until the week before trial because the prosecution
believed that if Romo had too much advance notice of the new trial, he
might undertake efforts to avoid testifying.  Within the one-week
period in which the prosecution sought to procure Romo's testimony, the
prosecution made a number of efforts directed at finding Romo.  (See
Report and Recommendation, at 29-30.)

Ultimately, in affirming the trial court's decision to permit
Romo's prior testimony to be introduced against Petitioner, the Court
of Appeal's analysis was not "contrary to" or "an unreasonable

application of" clearly established Supreme Court precedent.  See 28 U.S.C. § 2254(d)(1).  The Court of Appeal applied the correct legal framework ("good faith" and "reasonableness") in a reasonable manner, and did not reach a decision that departed from a Supreme Court holding on materially indistinguishable facts.  See Williams v. Taylor, 529 U.S. 362, 405-07 (2000).  Neither Roberts nor Barber, nor any of the cases cited therein, provide a factual scenario that is materially identical to Petitioner's case.  Instead, the relevant legal standard is heavily fact-driven, and the state court's analysis did not apply the controlling legal standard in an "objectively unreasonable" manner with respect to the particular facts of Petitioner's case.  See Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); see also Williams v. Taylor, 529 U.S. at 410-13.

    For these reasons and the reasons stated in the Magistrate Judge's Report and Recommendation, Petitioner's application is denied as Ground Three of the requested relief.


**III. SENTENCING ERROR**


    Petitioner asserts that the state court's imposition of consecutive rather than concurrent sentences violated Petitioner's rights to due process and a jury trial.  (Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 4-5.) Petitioner also asserts that the state court's imposition of an upper-term sentences violated Petitioner's rights to due process and a jury trial.  (Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 6-7.)

With respect to the consecutive sentences imposed for counts 7, 8, and 9, the Court notes that subsequent to Petitioner's filing of his Objections, the United States Supreme Court issued an opinion in Oregon v. Ice, 129 S. Ct. 711 (2009).  The Supreme Court's opinion reversed State v. Ice, 170 P.3d 1049 (Or. 2007), which had provided the sole legal support for Petitioner's arguments.  (See Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 5.)  The Supreme Court's opinion clearly rejects Petitioner's legal assertions.

With respect to the upper term sentences for counts 4, 5, and 6, the Court notes that, as discussed in the Magistrate Judge's Report and Recommendation, Petitioner's arguments are squarely addressed by Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008).  Petitioner's Objections appear to focus entirely on the California Supreme Court's interpretation of California law.  (See Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, at 6 ("Black II [, 41 Cal. 4th 799 (2007),] simply reached the wrong conclusion").)  Such a state law-based argument is not cognizable on Federal habeas corpus review.  Butler, 528 F.3d at 642 ("We are bound to accept a state court's interpretation of state law, except in the highly unusual case in which the 'interpretation is clearly untenable and amounts to a subterfuge to avoid federal review' of a constitutional violation").

For these reasons and the reasons stated in the Magistrate Judge's Report and Recommendation, Petitioner's application is denied as Ground Four of the requested relief.

///

///

///

**IV.   CONCLUSION**

The Court has examined the Petition, the record, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation.  Having made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the Magistrate's Report and Recommendation.

Accordingly, it is ORDERED that Judgment shall be entered dismissing the action with prejudice, and the Clerk shall serve copies of this Order and the Judgment herein on the parties.

///

///

///

IT IS SO ORDERED.

DATED: December 10, 2009

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE